**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OKLEGAL.COM, A DELAWARE CORPORATION,<br><br>    **Plaintiff,**<br><br>    v.<br><br>META PLATFORMS, INC., F/K/A FACEBOOK, INC., and MARK ZUCKERBERG,<br><br>    **Defendants.** | **Civil Action No.: 25-2346 (ES) (SDA)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendants Meta Platforms, Inc. and Mark Zuckerberg's (collectively, "Defendants") motion to transfer, or, in the alternative, motion to dismiss Plaintiff OKLegal.com's Complaint.  (D.E. No. 7 ("Motion")).  That motion is fully briefed.  (*See* D.E. No. 7-1 ("Mov. Br."), D.E. No. 16 ("Opp. Br."), D.E. No. 17 ("Reply Br."), D.E. No. 21 ("Replacement Opp. Br."), and D.E. No. 22 ("Second Reply Br.")).  The Court has carefully considered the parties' submissions, as well as the balance of the record, and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).[1]  For the following reasons, the Court **GRANTS** Defendants' motion, in part, to the extent they ask the Court to transfer this matter to the United States District Court for the Northern District of California.  The Court **DENIES** the balance of

---

[1]    The Court notes that Plaintiff requested oral argument on Defendants' motion.  (D.E. Nos. 23 & 24).  After reviewing the parties' submissions and the limited legal issues presented therein, the Court found that oral argument was unnecessary.

Defendants' motion, *without prejudice* to their ability to raise those arguments in the transferee court.

## I.    BACKGROUND[2]

Plaintiff alleges that it is a Delaware corporation and "also the owner and operator of . . . The Haddad Law Firm, PC."  (D.E. No. 1 ("Compl.") ¶ 11).  Plaintiff obtained an Instagram account with the intention of marketing that law firm.  (*Id*. ¶ 47).  The record reflects that, by creating and using that account, Plaintiff agreed to Instagram's Terms of Use ("Instagram TOU"). (Duffey Decl. ¶¶ 3 & 6).  "On March 26, 2025, Defendants indefinitely banned Plaintiff" from promoting his business on the [Instagram] platform.  (Compl. ¶ 3).[3]  "[Defendant] declared Plaintiff's use of [Instagram] violated it's [sic] self-imposed 'Community Standards.'"  (*Id*. ¶ 6).

Plaintiff alleges that "Defendant[s'] actions directed at the Plaintiff are a restraint on [its] First Amendment right to free speech."  (*Id*. ¶ 7).  Plaintiff has asserted three causes of action, all of which stem from Defendants' indefinite ban on Plaintiff's access to the Instagram platform: (i) a claim for violation of its rights under the First Amendment to the U.S. Constitution (Count One); (ii) a claim seeking a declaratory judgment that Section 230 of the Communications Decency Act is unconstitutional (Count Two); and (iii) a claim for "tortious interference with an advantage[ous] business relationship" (Count Three).  (*Id*. ¶¶ 23–49).

---

[2]    The Court has drawn the background described herein from OKLegal's Complaint, (D.E. No. 1 ("Compl.")), as well as the July 1, 2025 Declaration of Michael Duffey (D.E. No. 8-1 ("Duffey Decl."), and the exhibits thereto. *See Beaumont v. Vanguard Logistics Servs. (USA), Inc.*, 615 F. Supp. 3d 253, 259 (D.N.J. 2022) ("In deciding a § 1404(a) motion, a court is not limited to the pleadings, and may consider affidavits and other evidence.") (citation omitted).  Plaintiff does not challenge any portion of the Duffey Declaration.  Moreover, as the Court may consider the Duffey Declaration and its exhibits in the context of Defendants' motion to transfer, it need not resolve Defendants' request to take judicial notice of those attachments.  (D.E. No. 8).

[3]    While Plaintiff refers generally to "the Meta platform," nothing in the parties' papers suggests that Plaintiff used any Meta product or service other than Instagram.  The Court therefore refers to Instagram, rather than "Meta" for the sake of clarity.

## II.   PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Complaint on April 4, 2025.  (*See generally* Compl.).  Defendants filed their Motion on July 7, 2025.  (D.E. No. 7).  In that application, Defendants asked the Court to enforce the forum selection clause embodied in the Instagram TOU and transfer this matter to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).  (Mov. Br. at 6–9).  In the alternative, Defendants argue that each of Plaintiff's claims fails under Federal Rule of Civil Procedure 12(b)(6) and, with regard to Defendant Zuckerberg, under Rule 12(b)(2) as well.  (*Id.* at 9–34).

Plaintiff filed its original opposition brief on September 4, 2025, and Defendants filed a reply on September 12, 2025.  (Reply Br.).  Plaintiff's counsel thereafter requested leave to file a "sur reply" in light of certain personal circumstances.  (D.E. No. 18).  By Order dated October 10, 2025, the Court interpreted Plaintiff's submission as a request for leave to file a replacement opposition and noted that it was inclined to grant that request, while also giving Defendants an opportunity to submit a new reply brief.  (D.E. No. 19).  The Court directed the parties to meet and confer regarding a schedule for those submissions.  (*Id.*).  Counsel jointly submitted a proposed schedule on October 17, 2025, (D.E. No. 20), and thereafter filed their supplemental submissions in accordance with the same.  (Replacement Opp. Br. & Second Reply Br.).

## III.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404, "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Kremer v. Lysich*, No. 18-03676, 2019 WL 3423434, at *3 (D.N.J. July 30, 2019)

(internal quotation marks omitted). "The moving party bears the burden of establishing that the transfer is appropriate and must establish that the alternate forum is more convenient than the present forum." *Santi v. Nat'l Bus. Recs. Mgmt., LLC*, 722 F. Supp. 2d 602, 606 (D.N.J. 2010) (*citing Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). Accordingly, when considering a motion to transfer pursuant to Section 1404(a), a court must determine: (i) whether the proposed forum is one in which plaintiff could have originally brought suit (or one to which the parties have consented), and (ii) whether transfer would be in the interest of justice and for the convenience of parties and witnesses. *Id.*

In performing this analysis, courts in the Third Circuit consider all "relevant public and private interests." *Id.* (citing *Jumara*, 55 F.3d at 879). Those private interests typically include (i) the plaintiff's forum preference; (ii) the defendant's preference; (iii) whether the claim arose elsewhere; (iv) the convenience of the parties; (v) the convenience of the witnesses; and (vi) the location of books and records. *Jumara*, 55 F.3d at 879 (citations omitted). The relevant public interests include (i) the enforceability of the judgment; (ii) practical considerations that could make the trial easy, expeditious, or inexpensive; (iii) the relative administrative difficulty in the two fora from court congestion; (iv) the local interest in deciding controversies at home; (v) the public policies of the fora; and (vi) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879–80 (citations omitted). Courts have broad discretion when resolving a Section 1404(a) motion to transfer, and must consider "convenience and fairness on a case-by-case basis." *Santi*, 722. F. Supp. 2d at 606; *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

When the parties have agreed to a valid forum-selection clause, the Court must alter its § 1404(a) analysis in three significant ways. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist.*

*of Tex.*, 571 U.S. 49, 62 (2013). "Specifically, district courts (1) must give no weight to the forum preferred by 'the party defying the forum-selection clause'; (2) must deem the private interests to 'weigh entirely in favor of the preselected forum' because the parties agreed to the preselected forum and thereby waived the right to challenge it as inconvenient; and (3) must proceed to analyze only public interests." *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 62–65)). "The Supreme Court explained that, with these modifications to the typical § 1404(a) analysis, district courts should enforce valid forum-selection clauses '[i]n all but the most unusual cases.'" *Id.* (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 66). Finally, the Court notes that "[a]lthough the party seeking a § 1404(a) transfer usually bears the burden of persuasion . . . where there is a valid forum selection clause, the party seeking to avoid the clause bears the burden of showing that public interest factors 'overwhelmingly disfavor a transfer.'" *Beaumont*, 615 F. Supp. 3d at 260 (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 66)).

## IV.    DISCUSSION

### A.    Plaintiff Could Have Brought This Case in the Northern District of California

As a threshold matter, the Court must determine whether Defendants' proposed forum—the United States District Court for the Northern District of California—is one in which the case "might have been brought" originally, or one "to which all parties have consented." 28 U.S.C. §1404(a). The Court finds that it is.

The Supreme Court has interpreted the "might have been brought" language of § 1404(a) as "permit[ting] transfer to any district where venue is also proper." The federal venue statute provides, in pertinent part, that "[a] civil action may be brought in . . . (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is

located." 28 U.S.C. § 1391(b). Here, Plaintiff alleges that Defendant Meta has its principal place of business in Menlo Park, California. (Compl. ¶ 12). Plaintiff further alleges that Defendant Zuckerberg "resides in Palo Alto, California." (*Id.* ¶ 13). Menlo Park and Palo Alto are situated in San Mateo and Santa Clara counties, respectively. Both counties fall within the Northern District of California. Jurisdiction Map, United States District Court for the Northern District of California, https://cand.uscourts.gov/about-court/jurisdiction-map (last visited March 27, 2026). Plaintiff therefore could have filed this action in the Northern District of California.[4]

### B. Plaintiff Has Entered Into a Valid Forum Selection Clause

Plaintiff alleges that it created an Instagram account with the intention of using that platform to promote a law firm. (Compl. ¶ 47). The motion record reflects that by creating and using that account, Plaintiff agreed to the Instagram TOU. (Duffey Decl. ¶¶ 3 & 6; *see also* D.E. No. 8-2 at 2 ("The Instagram Service is one of the Meta Products, provided to you by Meta Platforms, Inc. These Terms of Use therefore constitute an agreement between you and Meta Platforms, Inc. If you do not agree to these Terms, then do not access or use Instagram.") (ECF Pagination). Plaintiff alleges that "[o]n March 26, 2025, Defendants indefinitely banned Plaintiff for exercising his right to promote his business on the Meta platform." (Compl. ¶ 3). Each of Plaintiff's causes of action are based on that ban. (*Id.* ¶¶ 23–49).

The record further reflects that Section 7.4 of the relevant Instagram TOU, titled "How We Will Handle Disputes," provides, in pertinent part:

> For any claim that is not arbitrated or resolved in small claims court, you agree that it will be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County. You also agree to submit to the personal jurisdiction of either of these courts for the purpose of litigating any

---

[4]     Though the Court need not reach the issue here, the Northern District of California would also be an appropriate transferee forum given the parties' consent to litigate in that forum. *See infra*. § IV(B).

such claim.

(D.E. No. 8-2 at 7 (ECF Pagination); *see also* Duffey Decl. ¶ 6 (attaching a copy of the Instagram

TOU in effect on March 26, 2025)).  Plaintiff does not take issue with Defendants' representations

regarding the content of the Instagram TOU or their general applicability to Plaintiff's use of the

Instagram service.  Indeed, as to the latter, Plaintiff explicitly acknowledged in the Complaint that

its use of Defendants' service is governed by certain terms.  (Compl. ¶ 18).[5]  Rather, Plaintiff

contends that the forum selection clause embedded within the Instagram TOU is unenforceable.

(*See* Opp. Br. at 1–2; Replacement Opp. Br. at 4–8).

*First*, Plaintiff suggests that the Instagram TOU is unenforceable given its status as

"clickwrap," a type of contract of adhesion.  (Opp. Br. at 2; Replacement Opp. Br. at 5).  The cases

Plaintiff cited, however, provide no support for its argument in the context of this case.  (*See* Opp.

Br. at 2 (*citing Wollen v. Gulf Stream Restoration*, 259 A.3d 867, 879 (N.J. App. Div. 2021)

(declining to enforce an arbitration provision when the moving party "failed to establish plaintiff

assented to its terms and conditions, including the arbitration provision at issue, which was masked

behind a layer of webpages"); *see also* Replacement Opp. Br. at 5 ( first citing *Jumara*, 55 F.3d at

879–80 (finding that while forum selection clauses were entitled to "substantial consideration" in

a § 1404(a) analysis, they are non-dispositive); then citing *Coastal Steel Corp. v. Tilghman

Wheelabrator Ltd.*, 709 F.2d 190 (3d Cir. 1983) (cited generally for the Court of Appeals'

description of "*forum non conveniens* considerations")).  Indeed "[f]orum selection clauses are

routinely upheld, even in situations involving adhesion contracts, unequal bargaining power, and

the absence of negotiations over the clause." *Heartland Payment Sys., Inc. v. Steves*, No. 15-3544,

---

[5]       While Plaintiff referred generally to Meta's "Terms of Service" in the Complaint, it does not dispute that (i) the only Meta service at issue in this matter is Instagram; or (ii) the Instagram TOU apply to Plaintiff's use of Instagram.  (*See generally* Opp Br. & Replacement Opp. Br.).

2015 WL 7737344, at *3 (D.N.J. Dec. 1, 2015). Plaintiff makes its "clickwrap"/adhesion argument generally, and does not suggest that that the Instagram TOU was presented in such a way that prevented Plaintiff from understanding and assenting to its terms.

*Second*, Plaintiff appears to suggest that the forum selection clause is unconscionable, and therefore unenforceable. (Replacement Opp. at 5). "The burden of proving such unconscionability lies with the party challenging the contract provision." *Parilla v. IAP Worldwide Servs. VI, Inc.*, 368 F.3d 269, 277 (3d Cir. 2004); *see also Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999). "In evaluating claims of unconscionability, courts generally recognize two categories, procedural, or 'unfair surprise,' unconscionability and substantive unconscionability." *Harris*, 183 F.3d at 181. Therefore, to establish unconscionability a plaintiff must show "that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions." *Id.* at 181. The Court finds that Plaintiff has not carried its burden of establishing that the forum selection clause is either procedurally or substantively unconscionable. Rather, Plaintiff simply cites legal propositions and then suggests, in conclusory fashion, that this case involves "similar circumstances" of "procedural unconscionability or overreaching." (Replacement Opp. at 6).

*Finally*, Plaintiff suggests that the Court should decline to enforce the forum selection clause on public policy grounds. Plaintiff's arguments, however, are just that: attorney argument, unsupported by any client declaration or similar document tying those arguments to *this* case. (*See generally id.*). Moreover, Plaintiff's arguments are based on generalized supposition and conclusory statements, (*see, e.g., id.* at 7 ("key witnesses, evidence, and operative facts are likely located outside Meta's chosen forum")), with no explanation as to how they apply to the facts at issue here. (*See, e.g., id.* ("requiring litigation in Meta's preferred forum–typically far from the

8

user's residence—would impose substantial financial and logistical burdens, frustrate access to essential witnesses and documents, and effectively bar meaningful participation in this litigation").[6]  In short, Plaintiff—"an Attorney and corporation" (Compl. ¶ 5)—has not provided the Court with any valid legal basis for refusing to enforce forum selection clause contained in Instagram TOU.  The Court therefore finds that the forum selection clause is valid and enforceable in the circumstances of this case.

### C.    Transfer is Appropriate Pursuant to 28 U.S.C. § 1404(a)

Having found that the parties entered into an agreement with a valid forum selection clause, the Court next considers whether transfer is appropriate under 28 U.S.C. § 1404(a).  The Court concludes that transfer is warranted under *Atlantic Marine* and its progeny.  As previously discussed, when a valid forum selection clause exists, a district court must treat the private interest factors as weighing in favor of the preselected forum and proceed to analyze only the public interest factors.  *In re Howmedica Osteonics Corp.*, 867 F.3d at 402.  Moreover, as noted herein, the Court must transfer this action in accordance with the parties' forum selection clause unless Plaintiff establishes that those "public interest factors 'overwhelmingly disfavor a transfer.'"  *Beaumont*, 615 F. Supp. 3d at 260 (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 66)).  Plaintiff has not done so.

As the United States Court of Appeals for the Third Circuit observed in *Jumara*, courts typically consider the following six "public interest" factors when evaluating a motion to transfer under Section 1404(a):

> [i] the enforceability of the judgment, [ii] practical considerations
> that could make the trial easy, expeditious, or inexpensive, [iii] the
> relative administrative difficulty in the two fora resulting from court
> congestion, [iv] the local interest in deciding local controversies at

---

[6]    Of particular note, Plaintiff provides no explanation of how having to litigate in California would deprive it—a law firm—of meaningful legal recourse.

home, [v] the public policies of the fora, and [vi] the familiarity of the trial judge with the applicable state law in diversity cases.

55 F.3d at 579–80 (internal citations omitted); *accord Eagle View Technologies, Inc. v. GAF Materials, LLC*, 594 F. Supp. 3d 613, 619 (D.N.J. 2022) (quoting *Jumara*, 55 F.3d at 579–80). Plaintiff has not addressed the bulk of these factors. (*See generally* Opp. Br. & Replacement Opp.).

For instance, Plaintiff has provided no analysis concerning the enforceability of a judgment in either forum, any relevant "practical considerations" that might make either forum more appropriate, the relative docket congestion in the potential fora, or the competing public policies of those fora.[7] (*Id.*). Plaintiff argues that the "local interest" factor favors New Jersey, as the case involves injuries to a law firm located in this state. (Opp. Br. at 2; Replacement Opp. Br. at 8). That argument ignores the competing interest that California has vis-à-vis its own residents.

Next, Plaintiff argues that "[t]he District of New Jersey is well equipped to apply [the] federal constitutional and statutory law at issue here." (Opp. Br. at 2). Plaintiff offers no explanation as to why the Northern District of California might not be similarly "well equipped." Finally, Plaintiff argues, generally, that "[a]llowing Meta to export every dispute to California regardless of the locus of the harm would encourage overreach by powerful platforms." (*Id.*). Every forum selection clause, however, involves the preselection of one or more specific fora, such that Plaintiff's argument appears to be an objection to the application of forum selection clauses, generally. Plaintiff has not cited any authority suggesting that the mere function of a forum selection clause (i.e., forcing litigation in a particular forum) might serve as grounds to deny transfer. Put simply, Plaintiff has not, through its cursory discussion, established that the relevant public interest factors "overwhelmingly" weigh against transfer. Pursuant to *Atlantic Marine*, the

---

[7] Where Plaintiff did mention public policy concerns, it did so in the context of the enforcement of the forum selection clause itself, rather than any considerations related to the subject matter of the litigation. (Opp. Br. at 2; Replacement Opp. Br. at 7).

10

Court will therefore transfer this matter to the United States District Court for the Northern District of California.

### D.    Defendants' Motion to Dismiss

As an alternative to transfer, Defendants argue that the Court must dismiss Plaintiff's claims on various grounds.  (Mov. Br. at 9–34).  As this Court finds that transfer is appropriate, it will deny the balance of Defendants' motion, without prejudice to Defendants' ability to raise those arguments in the United States District Court for the Northern District of California.

### V.    CONCLUSION

Based on the foregoing, Defendant's motion for transfer, or, in the alternative to dismiss, (D.E. No. 13), is **GRANTED IN PART AND DENIED IN PART**.  Specifically, Defendants' motion is granted to the extent they seek transfer to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).  The Court denies the balance of Defendants' motion, without prejudice to Defendants' ability to raise those arguments in the transferee court.

An appropriate Order follows this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
Date:  March 27, 2026

Cc:    Hon. Judge Stacey D. Adams, U.S.M.J.